### SMEETH et al. v. FOX COPPER & BRONZE CO. et al.

(Circuit Court of Appeals, Third Circuit. March 28, 1904.)

No. 40.

1. PATENTS—INFRINGEMENT—BOSH PLATES FOR BLAST FURNACES.
   The Scott patent, No. 452,168, for bosh plates for furnaces, *held* valid and infringed.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

The following is the opinion of the court below (Buffington, District Judge):

This bill was filed by the Best Manufacturing Company, charging the Fox Copper & Bronze Company with threatened infringement of letters patent No. 452,168. On application for a preliminary injunction, this court on February 12, 1901, granted the same. Since then a large amount of testimony has been taken in this and other cases involving the same patent. The device of Scott was meritorious, and has proven a highly useful factor in prolonging the life of a furnace bosh subjected to the rapid driving of modern firing. We will not enter into a discussion of the prior art. It suffices to say that, after a careful study thereof, we are of opinion that the cooling bosh devised by Scott was not shown in the prior art, and that, restricted to a proper construction, all of his claims, except the sixth, involved patentable novelty. The patent, then, being deemed valid, we are not required to express any views upon the question whether Daniel Fox, and through him the other respondents, are estopped to deny the validity of this patent. The proofs show that the respondent company offered to furnish to the Columbus Iron Company and the Globe Iron Company bosh plates of the design shown in the drawing on page 352 of the record. In both cases the bosh plates were not sold or manufactured, but this was owing to the fact that the prospective purchasers declined to buy and incur risk of litigation. The respondent was willing to furnish plates of the design of said drawing. It is well settled that threatened infringement affords ground for relief. Poppenhauser v. N. Y. Gutta-Percha Comb Co., 2 Fish. Pat. Cas. 74, Fed. Cas. No. 11,281; Sherman v. Nutt (C. C.) 35 Fed. 149; Sessions v. Gould (C. C.) 49 Fed. 855; White v. Heath (C. C.) 10 Fed. 291.

It remains, then, to inquire whether the structure of the drawing infringes the Scott patent. We are of opinion it does. The proposed water-cooled bosh plate was adopted to set in a recess in a furnace wall. It was freely removable therefrom. To that extent it embodied the elements of the claim. Did

it have the remaining elements of "a water passage extending through it for the passage of a current of water, and inlet and outlet pipes"? We think it did. From the inlet pipe the water is carried in a closed pipe to the rear of the plate, and then it strikes an acute-angle projecting rib, and is divided into two streams. These streams are carried to the sides of the nose. Here all semblance to the Peters plate, which we have considered in another of these cases, ends. Instead of the water flowing into the general body of the bosh, and finding an unrestrained course to the outlet, it is confined by a cross-diaphragm jutting from each side of the bosh. This carries the two currents together, and the united current passes through the narrow water passage formed by the ends of the diaphragms. But even here the water is not permitted to pass into an open reservoir, but a long diaphragm, placed opposite the last-mentioned opening, serves to confine and direct the water in two streams to points opposite the two outlets. It will thus be seen that the bosh plate in question has interior structural water passages extending through it, and through these the water passes in confined currents from inlet to outlet pipes. The fact that at two points the current is divided does not avoid the' patent. Indeed, analysis shows that this device is simply a duplication of Scott's. If Scott's drawing No. 6 is duplicated by one placed beside it—if, for the intake channel made by the bosh side and diaphragm, 10, we substitute an intake pipe—we have in substantial form the proposed infringing device. It will thus be seen that in its confined channels, in the tortuous passages through which the water is led from start to finish, we have a substantial reproduction of Scott's device. Such being the case, a case for a decree is shown.

As to the plate furnished the Maryland Steel Company, we are of opinion it does not infringe. As we view this patent, the test of infringement is whether the plate has an internal structural water passage extending through it, embodying, in substance, the claim element of "a water passage extending through it for the passage of a current of water." It is true, there is in the Maryland plate a water passage leading from the inlet to the front of the plate, but, when that point is reached, the passage, instead of extending further, delivers the water into the general open body of the plate. From that point, not having any passage or channel provided, it is free to pass in a current in any one of the three ways. If it sought the shortest path to the outlet, it would pass diagonally toward the opening between the back wall and the interior side diaphragm. But two other current courses might be followed: It might seek its way across the nose of the plate, and enter the detached water passage leading along the side, or it might be drawn by the inlet current into the rear side opening inlet channel, and again pass through it to the nose. In view of these three divergent courses open to the water when it left the inlet channel, none of which were through a "water passage extending through" the plate, we are of opinion the Maryland device does not embody the limiting element of the claims. The proceedings in the Patent Office made a water passage extending through the plate a matter of substance, and when we find such passage does not extend either wholly or substantially through the plate, as in this case here, we must hold the respondent has found another way to accomplish the desired result.

As to the Maryland device, the bill will be decreed dismissed.

Robert D. Totten, for appellants.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

PER CURIAM. The case brought up by this appeal is ruled by our decision in Smeeth et al. v. Perkins & Co., Limited, et al., 125 Fed. 285. The views we there expressed, and to which we adhere, require the reversal of so much of the decree of the Circuit Court in this case as ordered, adjudged, and decreed that the bill of complainant be dismissed "in so far as it relates to the infringement by defendants by the manufacture, use, and sale of bosh plates known and designated as 'Complainants' Exhibit Maryland Steel Co. Plates,' " and it is so order-

ed and decreed.   And the cause will be remanded to the Circuit Court, with directions to modify its decree so as to conform to this order, and for further proceedings agreeably to the views of this court expressed in its opinion delivered in the case of Smeeth et al. v. Perkins & Co., Limited, et al., 125 Fed. 285.